IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEANETTE BALLEW, SHANNON
STEPHENSON, DEBBIE ROBINSON,
and BEATRICE MADRID.

    Plaintiffs,

v.                                                 Case No. CIV 11-749 JP/WAL

WAL-MART STORES EAST, L.P.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Wal-Mart Stores East, L.P. moves[1] the Court to strike Plaintiffs' expert witness report and preclude Plaintiffs' expert witnesses from presenting any testimony because Plaintiffs missed the expert witness disclosure deadline. Doc. No. 29, at 1. Plaintiffs explain that they were unable to meet the deadline because one of their two attorneys of record, Dick Blenden, suffered a disabling medical condition from October 2011 through February 2012 and was unable to function properly due to pain and strong medication. Doc. No. 31, at 1. The Court has considered the parties' briefing and the relevant law, and the Court concludes that Defendant's Motion to Strike should be denied. Although Plaintiffs' attorneys violated both a

---

[1] On May 1, 2012, Defendant Wal-Mart Stores East, L.P., filed a MOTION TO STRIKE PLAINTIFFS' EXPERTS' REPORT AND EXPERTS' TESTIMONY (Doc. No. 29) (Motion to Strike). On May 14, 2012, Plaintiffs Jeanette Ballew, Shannon Stephenson, Debbie Robinson, and Beatrice Madrid filed a RESPONSE TO MOTION TO STRIKE EXPERT WITNESS TESTIMONY (Doc. No. 31) (Response). On May 29, 2012, Defendant filed a REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' EXPERTS' REPORT AND EXPERTS' TESTIMONY (Doc. No. 33) (Reply).

court order and the Federal Rules of Civil Procedure, the Court concludes that it would be fundamentally unfair to preclude Plaintiffs from presenting expert testimony to support their claims of damages as a consequence of the derelictions of their attorneys. Accordingly, Defendant's Motion to Strike will be denied on the condition that Plaintiffs' attorneys will be responsible for paying certain reasonable costs and attorney's fees incurred by the untimely disclosure of the expert witnesses and report, as described in this Memorandum Opinion and Order.

## BACKGROUND

On July 11, 2011, Plaintiffs filed a Complaint for wrongful termination and damages in the Fifth Judicial District Court, County of Eddy, State of New Mexico.[2] Defendant removed the case to federal court on August 22, 2011,[3] and answered the Complaint on August 29, 2011.[4] On October 19, 2011, the parties filed a Joint Status Report.[5] In the Joint Status Report, Plaintiffs identified six witnesses who they intended to use and reserved the right to call other witnesses who may be determined during the course of discovery. Doc. No. 8, at 5-6. Likewise, Defendant identified five witnesses who it intended to use and reserved the right to call additional witnesses. *Id.* at 6-8. Neither Plaintiffs nor Defendant identified any expert witnesses in the Joint

---

[2] On July 11, 2011, Plaintiffs filed a COMPLAINT FOR WRONGFUL TERMINATION AND DAMAGES (Doc. No. 1-1) (Complaint).

[3] On August 22, 2011, Defendant filed a NOTICE TO ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT (Doc. No. 1-1).

[4] On August 29, 2011, Defendant filed a ANSWER TO COMPLAINT FOR WRONGFUL TERMINATION AND DAMAGES (Doc. No. 3) (Answer).

[5] On October 19, 2011, both parties filed a JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN (Doc. No. 8) (Joint Status Report).

Status Report. *Id.* at 8. Plaintiffs and Defendant agreed to conclude discovery by April 30, 2012, and requested a pretrial conference in May 2012. *Id.* at 9.

On October 26, 2011, United States Magistrate Judge William P. Lynch held a Rule 16 scheduling conference and issued a Scheduling Order[6] setting the following pretrial deadlines: (1) November 30, 2011, for Plaintiffs to disclose any expert witnesses and reports; (2) January 16, 2012, for Defendant to disclose any expert witnesses and reports; (3) April 30, 2012, for the parties to complete discovery; (4) May 7, 2012, for discovery motions; (5) May 14, 2012, for dispositive motions; and (6) July 23, 2012, for the parties to submit a consolidated final pretrial order. *See* Doc. No. 13.

On January 12, 2012, Defendant served written interrogatories on Plaintiffs. Doc. No. 15. On January 26, 2012, Magistrate Judge Lynch conducted a telephonic status conference in which attorney Dick Blenden represented Plaintiffs but did not request an extension of the long passed deadline for disclosing experts. *See* Doc. No. 18. Plaintiffs did not respond to the written interrogatories until March 19 and 20, 2012. Doc. No. 29, at 2. In one of the interrogatories, Defendant asked Plaintiffs whether they had hired an expert to perform a damage analysis, and if so, whether the expert had prepared a written report or opinion. *See* Exhibit A, Doc. No. 29-1, at 3. Plaintiffs cryptically answered, "[n]one to date." *Id.* Defendant asserts that, in response, it informed Plaintiffs that the deadline for Plaintiffs to disclose expert witnesses had passed months before. Doc. No. 29, at 2.

Nine days later, on March 29, 2012, Plaintiffs disclosed their expert witness Dr. Thomas

---

[6] On October 26, 2011, United States Magistrate Judge William P. Lynch issued an ORDER SETTING PRETRIAL DEADLINES AND ADOPTING JOINT STATUS REPORT (Doc. No. 13) (Scheduling Order).

D. McKinnon. *See* DESIGNATION OF EXPERT WITNESS (Doc. No. 20). Eleven days after that, on April 9, 2012, Plaintiffs' attorney Dick Blenden sent to Defendant's attorney an expert report prepared by both Dr. Thomas D. McKinnon and a second individual, Mark T. McKinnon, who had not been identified in Plaintiffs' Designation of Expert Witness. *See* Doc. No. 29, at 2; Doc. No. 29-1, at 5. The expert report was attached to a seemingly sarcastic email message that began, "Surprise, Surprise, Surprise!!!! Here is our economic evaluation for the four ladies you so wrongly filed [sic] at Wal-Mart." Doc. No. 29-1, at 5.

On April 13, 2012, the parties filed a Joint Motion for Enlargement of Deadlines (Doc. No. 25), requesting an extension of certain pretrial deadlines. The Joint Motion did not seek an extension of the deadline for disclosing experts and reports. Doc. No. 25. Magistrate Judge Lynch held a status conference on the Joint Motion at which attorney C. Barry Crutchfield represented Plaintiffs. On April 25, 2012, Judge Lynch granted the Joint Motion and entered an Order Amending Pretrial Deadlines, rescheduling the deadlines as (1) June 22, 2012, for the parties to complete discovery; (2) June 29, 2012, for discovery motions; (3) July 6, 2012, for dispositive motions; and (4) September 18, 2012, for the parties to submit their final consolidated pretrial order. Doc. No. 28. The amended scheduling order did not amend the expert witness disclosure deadlines, which had already passed. Doc. No. 28. Although the trial originally had been set for August 27, 2012, the Court reset the trial for October 29, 2012, to accommodate the amended pretrial deadlines. *See* Doc. No. 30.

## DISCUSSION

In the Motion to Strike, Defendant argues that Plaintiffs did not timely disclose their expert witnesses and report and that Defendant will be prejudiced unless the Court strikes the report and precludes Plaintiffs' expert witnesses from testifying. Doc. No. 29, at 2. Defendant

contends that, under Rule 26(a)(2)(D), Plaintiffs' expert witnesses and report should have been disclosed no later than November 30, 2011, in accordance with the Scheduling Order. *Id.* at 1. Defendant believes it will be prejudiced by the additional costs of deposing Plaintiffs' expert witnesses, of finding and securing a defense expert, and by having an insufficient amount of time to prepare for trial. Additionally, Defendant notes that Plaintiffs never sought an extension of the expert disclosure deadline from either the Court or Defendant. *Id.* at 2.

In the Response, Plaintiffs ask the Court to exercise its equitable discretion and allow Plaintiffs to use their expert witnesses and report, despite the untimely disclosure. Doc. No. 31, at 2. Plaintiffs assert that Mr. Blenden's medical condition prevented him from properly addressing discovery issues in this case. *Id.* Plaintiffs state that, due to his condition, Mr. Blenden was unable to apprise his co-counsel, C. Barry Crutchfield, that Mr. Blenden needed assistance meeting the deadlines in this case. *Id.* Plaintiffs explain that the parties filed the joint motion to extend deadlines in order to accommodate Mr. Blenden's illness. *Id.* at 1. Because the other deadlines in this case have already been extended, Plaintiffs believe that Defendant's claim of prejudice is unfounded. *Id.* at 2. Additionally, Plaintiffs contend that Defendant has ample financial resources to evaluate and respond to the damage analysis provided in their expert report. *Id.* Finally, Plaintiffs ask the Court to impose any sanctions it deems appropriate on Plaintiffs' counsel, rather than punishing Plaintiffs, who are working individuals seeking redress of their grievances against Defendant. *Id.*

**A.      Timing for Disclosure of Expert Witnesses and Reports**

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires each party to disclose the identity of any expert witness the party may use at trial, accompanied by a written report prepared and signed by the expert witness. "A party must make these disclosures at the times and

in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "Absent a stipulation or a court order," a party must disclose its expert witnesses and reports "at least 90 days before the date set for trial[.]" Fed. R. Civ. P. 26(a)(2)(D). If an expert disclosure deadline has been set by court order, the parties must abide by that court order even if court's deadline occurs more than 90 days before trial. *See Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 894 (10th Cir. 2006) (explaining that "Rule 26 requires disclosure 90 days prior to the trial date *unless* otherwise directed by the court" and that if "the date of disclosure is initially determined per court order, the district court's scheduling orders are dispositive").

B.      **Sanctions for Untimely Disclosure of Expert Witnesses and Reports**

Rule 37(c) of the Federal Rules of Civil Procedure governs sanctions for disclosure violations. As a general rule, when a party fails to timely disclose an expert witness and report, that "party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *see Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002). "In addition to or instead of this sanction, the court, on motion and after opportunity to be heard[,] may order payment of the reasonable expenses, including attorney's fees, caused by the failure," and "may impose other appropriate sanctions[.]" Fed. R. Civ. P. 37(c)(1)(A) and (B).

District courts have wide discretion in determining whether a party's violation of Rule 26(a)(2) was substantially justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). In the context of Rule 26(a)(2) violations, the Tenth Circuit has explained that a district court abuses its discretion if its decision is "based on an erroneous conclusion of law or would result in fundamental unfairness in the trial of the case." *Jacobsen*, 287 F.3d at 953. The Tenth Circuit has identified four factors that should guide

the broad discretion of the district court when deciding whether a party's violation of Rule 26(a)(2) was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of that party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial;" and (4) whether the untimely disclosure was a result of "bad faith or willfulness." *ClearOne Commc'n, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1177 (10th Cir. 2011). Willful failure is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992) (quotation marks and citation omitted).

C.  **Plaintiffs' Untimely Disclosure Was Not Substantially Justified or Harmless**

The Court finds that Plaintiffs' disclosure of their expert witnesses and report was untimely under Rule 26(a)(2)(D) because Plaintiffs failed to meet the November 30, 2011, deadline established by this Court's Scheduling Order. Plaintiffs concede that their disclosure was untimely but argue that their failure to meet the deadline is justified and harmless. *See* Doc. No. 31, at 1-2. Thus, the Court will apply the four factors articulated by the Tenth Circuit to determine whether Plaintiffs' untimely disclosure is substantially justified and harmless.

1.  **Surprise and Prejudice**

Defendant argues that it was surprised by the untimely disclosure of Plaintiffs' expert witnesses and report. Doc. No. 29, at 2. Because Plaintiffs disclosed no expert witnesses by the November 30, 2011, deadline, Defendant asked Plaintiffs by interrogatory whether Plaintiffs had any expert witnesses. In late March, Plaintiffs responded, "[n]one to date." About a week later, on March 29, 2012, Plaintiffs suddenly disclosed to Defendant that they did in fact have an expert witness, Dr. Thomas D. McKinnon. Then, on April 9, 2012, Plaintiffs sent Defendant an email with an expert report authored by both Dr. Thomas D. McKinnon and Mark T. McKinnon,

a second individual who had not been disclosed by Plaintiffs. *See* Doc. No. 29-1, at 5. Plaintiffs' counsel, Mr. Blenden, began the email by saying, "Surprise, Surprise, Surprise!!!! Here is our economic evaluation for the four ladies you so wrongfully filed [sic] at Wal-mart." Doc. No. 29-1, at 5. Under these circumstances, the Court concludes that Plaintiffs' untimely disclosure of the expert witnesses and report surprised Defendant.

Defendant also argues that it will be prejudiced if the Court does not strike Plaintiffs' proposed expert witnesses and report. First, Defendant will have to incur the costs of deposing Plaintiffs' expert witnesses. Second, Defendant's expert witness disclosure deadline has already passed, and Defendant has not had the opportunity to hire a defense expert to counter the opinions of Plaintiffs' experts. And even if the Court reopens the disclosure and discovery deadlines, Defendant will have to determine whether to expend the time and resources to retain a defense expert, allow the expert time to prepare a report, and present the expert for deposition. *See* Doc. No. 33, at 3-4. Finally, Defendant argues that it will have insufficient time to prepare for trial. Doc. No. 29, at 2. The Court concludes that Defendant will suffer some prejudice if the Court denies the Motion to Strike.

### 2.    Ability to Cure Prejudice

Plaintiffs contend that Defendant's monetary resources should enable Defendant to cure any potential prejudice caused by Plaintiffs' untimely disclosure. Doc. No. 31, at 2. However, Defendant's financial resources do not permit Plaintiffs or their attorneys to disregard this Court's scheduling Order or the Federal Rules of Civil Procedure, which apply equally to all litigants. Plaintiffs have failed to demonstrate that Defendant's wealth will cure the prejudice caused by Plaintiffs' untimely disclosure.

Nonetheless, the Court finds that the prejudice to Defendant is minimal and can be cured.

Some of Defendant's claimed prejudice has been mitigated by this Court's order extending the trial date to October 29, 2012, more than three months in the future. *See Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210-11 (10th Cir. 2002) (explaining that the timing of the introduction of previously-undisclosed expert testimony "in relation to commencement of trial is an important element in analyzing whether [it] would cause prejudice or surprise"). In order to cure the remaining prejudice, the Court will reopen Defendant's expert witness disclosure deadline and extend related discovery deadlines so that Defendant can depose Plaintiffs' experts and decide whether to retain a defense expert. *See Jacobsen*, 287 F.3d at 953 (explaining that the purpose of pretrial disclosure of expert witnesses and reports is "to allow the opposing party a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses" (quotation marks and citation omitted)). Additionally, the Court concludes that Plaintiffs' attorneys can help cure the prejudice to Defendant by reimbursing Defendant for some of the expenses incurred by Plaintiffs' untimely disclosure, as described *infra*.

        **3.    Disruption of Trial**

In the Motion to Strike, Defendant argued that if the Court does not strike Plaintiffs' proposed expert witnesses and report, Defendant will have an insufficient amount of time to prepare for trial by August 27, 2012. Doc. No. 29, at 2. Because the trial has been reset for October 29, 2012, it is probable that any temporal prejudice to Defendant can be cured without disrupting trial.

        **4.    Bad Faith or Willfulness**

It appears to the Court that Plaintiffs' untimely disclosure of their expert witnesses and report was not a result of bad faith but rather a result of Mr. Blenden's medical condition and

9

Mr. Blenden's and Mr. Crutchfield's inattention to this case. Because Plaintiffs have two attorneys of record, both of whom have participated in hearings, the Court finds that Plaintiffs' total failure to either meet the disclosure deadline or seek an extension of the deadline was willful and unjustified. Both attorneys had notice from the Joint Status Report and Scheduling Order that Plaintiffs were required to disclose all expert witnesses and reports no later than November 30, 2011. Doc. No. 13. And although Mr. Blenden represents that he was too ill between October 2011 and February 2012 to attend to the deadlines in this case, Mr. Blenden represented Plaintiffs in a telephonic status conference with Judge Lynch on January 26, 2012, but failed to request an extension of the expert disclosure deadline during the conference. *See* Doc. No. 18. And even if Mr. Blenden's medical condition prevented Mr. Blenden from adhering to the expert disclosure deadline, Mr. Crutchfield should have either met the deadline or sought an extension from the Court. Fed. R. Civ. P. 26(a)(2)(D). The Court finds that Plaintiffs' untimely disclosure of the expert witnesses and report demonstrates a willful disregard of both this Court's Scheduling Order and the Federal Rules of Civil Procedure.

### D.      The Court Will Impose Sanctions on Plaintiffs' Attorneys

On balance, application of the preceding four factors leads the Court to conclude that Plaintiffs' untimely disclosure was neither substantially justified nor harmless. Thus, Plaintiffs should not be allowed to use their proposed expert witnesses or report. Fed. R. Civ. P. 37(c)(1); *see Sims*, 469 F.3d at 895 (holding that the district court did not abuse its discretion by excluding an expert because the defendant never sought an extension of the disclosure deadline "despite ample opportunity" to do so); *see also Martinez v. Target Corp.*, 384 Fed. App'x 840, 848 (10th Cir. 2010) (holding that the district court did not abuse its discretion in striking an untimely disclosed expert report where the plaintiff failed to "explain why she did not seek an extension

of the expert-disclosure deadline"). But under the circumstances of this case, the Court is hesitant to punish Plaintiffs for their attorneys' insouciant attitude about deadlines. Completely excluding Plaintiffs' expert witnesses and report might prevent Plaintiffs from presenting evidence of their alleged damages and could result in fundamental unfairness. *Cf. Gillum v. United States*, 309 Fed. App'x 267, 270 (10th Cir. 2009) (holding that the district court abused its discretion by excluding the plaintiff's expert, in part because the district court's exclusion of the expert witness necessarily resulted in a grant of summary judgment for the defendant).

Plaintiffs' attorneys are the persons responsible for violating this Court's Scheduling Order and Rule 26(a)(2)(D). Accordingly, the Court concludes that Defendant's Motion to Strike should be denied on the condition that Plaintiffs' attorneys should pay certain reasonable costs and attorney's fees in order to cure the prejudice caused by the violations. After all, "if the fault lies with the attorney, that is where the impact of the sanction should be lodged." *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 873 (10th Cir.1987) (quotation marks and citation omitted); *see also White v. GMC*, 908 F.2d 675, 685 (10th Cir. 1990) ("Sanctions must be appropriate in amount and levied upon the person responsible for the violation.).

Thus, the Court will deny Defendant's Motion to Strike but will allow Defendant to file a motion seeking reimbursement from Mr. Blenden and Mr. Crutchfield, jointly and severally, of the following: (1) the reasonable fee and costs charged by each of Plaintiffs' experts to attend and testify at a deposition taken by defense counsel; and (2) the reasonable attorney's fees and costs incurred by defense counsel in preparing to depose and in deposing Plaintiffs' experts. Additionally, if Defendant chooses to hire an expert witness to counter the opinions of Plaintiffs' experts, Mr. Blenden and Mr. Crutchfield should pay the reasonable fee and costs charged by the defense expert to attend and testify at a deposition.

Finally, in order to prevent any further delay of the trial, the Court will order the parties to adhere to the following deadlines for disclosing and deposing expert witnesses: (1) Plaintiffs should make their expert witnesses available for depositions before and Defendant should depose Plaintiffs' experts by August 10, 2012; (2) Defendant should disclose the identity and expert report of any defense expert by August 31, 2012; and (3) if Defendant retains a defense expert, Plaintiffs should depose Defendant's expert by September 14, 2012.

**IT IS ORDERED THAT:**

(1) Defendant's MOTION TO STRIKE PLAINTIFFS' EXPERTS' REPORT AND EXPERTS' TESTIMONY (Doc. No. 29) is DENIED on the conditions set forth above;

(2) The parties should adhere to the following deadlines for disclosing and deposing expert witnesses: (a) Defendant should depose Plaintiffs' experts by August 10, 2012; (b) Defendant should disclose the identity and expert report of any defense expert by August 31, 2012; and (c) Plaintiffs should depose any defense expert by September 14, 2012; and

(3) Defendant may file a motion with supporting affidavits seeking reimbursement of the reasonable expert fees and costs and the reasonable attorney's fees and costs described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT COURT JUDGE