UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**Before the Honorable James A. Parker**

**Clerk's Minutes**

**Case Title:** Ballew, et al. v. Wal-Mart Stores East L.P.
**Case Number:** 11-cv-749
**Date:** 4/12/13

**Courtroom Clerk:** Mallory A. Jensen
**Court Reporter:** John De La Rosa

**Attorney(s) Present for Plaintiff:**
Dick Blenden
Carl Barry Crutchfield

**Attorney(s) Present for Defendant:**
Charlotte Lamont
Steve Biddle

**Type of Proceeding:** Pretrial Conference

**Court's Rulings/Disposition:** n/a

*Start Time*: 11:00 AM
*End Time*: 11:38 AM
*Total Time in Court*: 38 minutes

**Notes on the Proceedings:**

11:00 AM: Court in session. Counsel state their appearances. The Court asks counsel to set forth the witnesses who will testify at trial and the length of time anticipated for direct and cross examination of each witness.

11:06 AM: Ms. Lamont notes that the health of one anticipated witness for the Defendant, Jeffrey Linnear, is not good. If he is unable to testify at trial she will ask Plaintiffs' counsel if they will agree for Mr. Linnear's testimony to be via deposition. Plaintiffs' counsel is amenable to this proposal. The Court asks that if testimony is to be by deposition, counsel confer over the deposition transcript to agree on portions that will be admitted. Defendant is to highlight the transcript in yellow and Plaintiffs to highlight in blue.

11:07 AM: The Court asks counsel about the exhibit list. The parties have jointly submitted Exhibits 1-9, so those exhibits will not be labeled as either Defendant's or Plaintiffs'.

1

- Exhibit 1 is admitted without objection, but with the Court's expectation that the parties will edit its voluminous contents down to a size that will be more useful to and less burdensome upon the jury.
- Exhibit 2 is admitted without objection.
- Exhibit 3 (interrogatory answers) is not admitted at this time; the Court reserves ruling until it is clear at trial whether it is necessary.
- Exhibit 4 is admitted without objection. However, the Court asks that counsel mark each part of the exhibit separately for clarity of the record (i.e., Exhibit 4-A for one Plaintiff, Exhibit 4-B for the next, etc.)
- Exhibit 5 is admitted without objection. Again, the exhibit should be separated into parts and marked as to each Plaintiff as described for Exhibit 4.
- Exhibit 6 is admitted without objection. Again, the exhibit should be separated into parts and marked as to each Plaintiff as described for Exhibit 4.
- Exhibit 7 is admitted without objection. Again, the exhibit should be separated into parts and marked as to each Plaintiff as described for Exhibit 4.
- Exhibit 8 is admitted without objection. Again, the exhibit should be separated into parts and marked as to each Plaintiff as described for Exhibit 4.
- Exhibit 9 is admitted without objection.

11:14 AM: The Court reviews with the parties several exhibits that are partially stipulated but to which there are objections. Plaintiffs' expert witness' report will not be admitted but can be available at trial for legitimate uses. The competing summaries of Plaintiffs' earnings are likely to be demonstrative exhibits that will be used at trial but not admitted into evidence.

11:17 AM: The Court asks whether there are any other exhibits at issue at this time. There are not. Plaintiffs' counsel raises the issue of whether one of the witnesses, who is employed by Wal-Mart, will attend trial; she is under subpoena. Ms. Lamont represents that Defendant will be calling the person at trial so this should not be an issue.

11:18 AM: The Court takes up the issue of Defendant's Motion for Reimbursement of Fees and Costs associated with taking the deposition of Plaintiffs' expert witness. Plaintiffs' counsel do not object to the motion or to the reasonableness of the fees requested.

11:20 AM: The Court reviews its procedures for voir dire.

11:30 AM: Ms. Lamont raises a few last evidentiary issues about what claims Plaintiffs will be pursuing at trial. The Court asks about the contents of Exhibit 9. The parties dispute the exhibit's meaning and import for the case and the Court concludes it is an evidentiary issue that will have to be settled at trial.

11:34 AM: The Court asks the parties whether they are still pursuing settlement talks. The parties indicate that a conference on the issue is scheduled for 1:30 PM today, April 12, 2013. The Court refers the parties to Magistrate Judge Lynch in case they need any assistance on the settlement talks.

11:35 AM: Mr. Biddle asks the Court about the anticipated time required for the trial. The Court believes that it may be possible to instruct the jury by Wednesday night, April 24, but it could take until Thursday morning.

11:38 AM: Court in recess.